24248. WILLIAMS et al. v. MALOOF et al.

SUBMITTED SEPTEMBER 14, 1967—DECIDED SEPTEMBER 21, 1967—
REHEARING DENIED OCTOBER 5, 1967.

*Howard Moore, Jr.,* for appellants.
*Charlie Franco, James E. Weeks,* for appellees.

NICHOLS, Justice. The sole issue to be decided is whether the evidence adduced upon the hearing authorized the judgment of

the trial court continuing the temporary restraining order in the form of a temporary injunction until further order of the court.

It appears from the evidence without going into all of the evidence adduced at the hearing, that the plaintiffs operated a retail store and were approached by a group of persons including some of the individual defendants to obtain information. The information sought was who owned the store, who was its manager, did the store have a practice of equal employment for "black people" and equal promotion opportunities for "black people," the amount of compensation paid employees, how many employees, their races, how many departments were in the store, what services the business offered the community, and the job categories, salary ranges and fringe benefits of its employees. When the plaintiffs failed and refused to give the defendants such information they, including the defendant Confederation of DeKalb's Community Organizations of which all the individual defendants were members, organized a campaign to picket and cause a boycott of the plaintiffs' place of business. The picketing consisted at times of pickets so close together that customers could not enter the plaintiffs' place of business; when a prospective customer would approach the plaintiffs' place of business the pickets would say to them "there are other businesses open," that the plaintiffs' place of business was being picketed and not to come in, and "can't you see that we are picketing." On one occasion one of the pickets physically removed a customer—a small child who the picket claimed was his sister—from the plaintiffs' store. The original signs used to picket such business accused the merchant of selling "rotten meat" and having a "dirty store." When it was pointed out to the defendants that this was untrue these signs were removed and replaced with others but only after telling the plaintiffs that "the innocent must suffer with the guilty."

"Every individual has a natural right to pursue a lawful occupation and to conduct his business according to his own plans and policies, where he does not offend the law or unlawfully infringe upon the rights of others. A person's business is property in the pursuit of which he is entitled to protection from tortious interference by a third person, who, in interfering therewith, is

not acting in the exercise of some right." *N. A. A. C. P. v. Overstreet*, 221 Ga. 16 (1) (142 SE2d 816).

The evidence in the case sub judice shows a merchant carrying on a lawful business, a group of citizens attempting to interfere with lawful business practices, who when repelled, sought through picketing, harrassment and physical force to prohibit customers from doing business with him. Under such circumstances it cannot be said that the trial court erred in continuing in force the restraining order and temporary injunction until further order of the court, there being no evidence that the defendants were in the exercise of any right in attempting to interfere with the plaintiff's business. See *N. A. A. C. P. v. Overstreet*, 221 Ga. 16, supra, and citations.

*Judgment affirmed. All the Justices concur.*